IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CHARLES D. GREENWAY, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-33-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability and disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that he is unable to perform previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1]   Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. ▪ 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**Administrative Proceedings**

Claimant applied for a period of disability and disability insurance benefits on April 2, 2009, alleging disability July 1, 2007, due to back disorders and bipolar disorder. (Tr. 134; ECF No. 10.) Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on April 15, 2011, and following the hearing, the ALJ issued an unfavorable decision on August 16, 2011. (Tr. 21-35.) The Appeals Council ultimately denied Claimant's Request for Review on December 14, 2011. (Tr. 1-7.) This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. (Tr. 23.) The ALJ found that Claimant had disorder of the back, bipolar disorder, and sleep apnea, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 24.)

The ALJ next found that Claimant had the residual functional capacity (RFC) to:

perform light work requiring no more than occasional climbing, balancing, stooping, kneeling, crouching and crawling; no climbing of ladders, ropes and scaffolds; no more than occasional overhead bilateral reaching; and allowing him to avoid concentrated exposure to vibration. In addition, Plaintiff has moderate limitations, or limited, but satisfactory abilities in the following areas: ability to understand, remember and carry out detailed

>
> instructions; to maintain attention and concentration for extended periods; to perform activities within a schedule and be punctual within customary tolerances; to complete a normal work day or workweek without interruptions from psychologically based symptoms; to interact with the general public; to accept instructions and respond appropriately to criticism from supervisors; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and to respond appropriately to changes in the work setting.

(Tr. 26.) Based on the RFC and the medical evidence, the ALJ then determined that Claimant would be unable to perform his past relevant work. (Tr. 28.) The ALJ determined that at the time of his date last insured, Claimant was 43 years old, which is considered to be a younger individual. (*Id.*) The ALJ further found that Claimant had a high school education and could communicate in English. (*Id.*) After consulting the Medical-Vocational Rules (GRIDS) and utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that Claimant was not disabled within the meaning of the Regulations and that there were jobs available which existed in significant numbers that Claimant could perform. (*Id.*)

### DISCUSSION

Claimant's sole issue in this case alleges that the ALJ erred in ignoring the limitations set forth in the consultative psychological evaluation or, in the alternative, ignored the testimony of the vocational expert ("VE"). (Cl.'s Br. 3; ECF No. 11.) Specifically, Claimant contends that the ALJ gave great weigh to the consultative evaluation performed by Dr. Bank. (Tr. 27.) Those limitations were then incorporated into a hypothetical question asked of the VE, wherein the VE testified that a person with those limitations would have no work available to them in the national economy. (*Id.* at

4.) The ALJ, however, found that Claimant was capable of performing some work and, thus, found him not disabled. Claimant contends this was error.

The Regulations state that once a claimant establishes that he can no longer perform past relevant work, the burden shifts to the Commissioner to produce evidence that there is alternate employment available in significant numbers in the national economy that claimant has the capacity to perform. 20 C.F.R. §§ 404.920(f)(1), 404.1512(a). To thereafter be found disabled, the Claimant must then show that he is unable to perform jobs that the ALJ lists. *Id.*

After finding that the Claimant would not be able to return to his previous work, the ALJ in this case had a VE testify as to whether jobs would exist for an individual with this Claimant's education, limitations, work experience and age. (Tr. 59-60.) The VE's testimony, wherein he cited the DOT numbers associated with the specified jobs, reflected that there were several jobs that a person with this Claimant's limitations could perform in this economy. Claimant's counsel then asked the VE whether a person with the additional psychological limitations as found by Dr. Bank (Exh. 18F) would have work available to him. (Tr. 65-66.) The VE stated that there would be no jobs available for that person. (*Id.*)

Claimant contends that the ALJ committed reversible error when he credited the findings of Dr. Bank in his psychological evaluation of Claimant, but then did not accept the VE's testimony that a person with those limitations would have no work in significant numbers in the national economy available for him to perform. The Eleventh Circuit has

held that "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Ingram v. Comm'r of Soc. Sec. Admin.* 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). The Court further stated that "[t]he hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant." *Id.* (internal citation omitted). Limitations that a claimant is alleged to suffer but are either not supported by medical records or alleviated by medication are not required to be included in the hypothetical question. *Id.*

In this case, Dr. Bank's opinion was given great weight by the ALJ because it was found to be thorough and consistent with the evidence of record. (Tr. 27.) Specifically, Dr. Bank found:

> [Claimant's] ability to understand and carryout complex instructions appears to be significantly limited at this time (while his ability to follow simple instructions is moderately limited). His ability to maintain attention and concentration for extended periods of time is significantly limited. Mr. Greenway's ability to maintain regular attendance over time appears to be significantly limited. His ability to communicate his needs and wants appears to be significantly limited. Based on available information, his ability to get along with co-workers and peers, without exhibiting emotion or behavioral problems, is significantly limited. Mr. Greenway's ability to respond to changes in routine is significantly limited; however, and ability to be aware of normal work hazards and take appropriate precautions is moderately to significantly limited (based on level of alertness).

(Tr. 569). However, the record reveals that after crediting Dr. Bank's opinion as to Claimant's psychological limitations, the ALJ did not rely on the VE's testimony that a person with those limitations would have no work available to him. This is clearly error. Because he gave great weight to the opinion of Dr. Bank, the ALJ was required to include

7

those limitations in his hypothetical questions to the VE and rely on the answers provided by the VE. Thus, remand is warranted in this case.

## CONCLUSION

It is found that the Commissioner erred as to the issue analyzed above. On remand, the ALJ is directed to reevaluate the opinions of the consultative examiners and proceed accordingly.

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be remanded under sentence four. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 22nd day of February, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE